

NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

**Signed November 8, 2005**

$\underline{\phantom{Honli DeWayne Hale}}$

**United States Bankruptcy Judge**

---

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CAFETERIA OPERATORS, L.P., et al., | § | Jointly Administered Under |
| | § | Case No. 03-30179-HDH-11 |
| Debtors | § | |

| | | |
|---|---|---|
| WILLIAM KAYE, Trustee of the | § | |
| COLP Creditors' Trust, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Adversary No. 04-3851 |
| | § | |
| WATSON SYSCO FOODSERVICE, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM OPINION ON COMPLAINT
### TO AVOID AND RECOVER PREFERENTIAL TRANSFERS

On October 25, 2005, this Court conducted a trial on the Trustee's Complaint to recover

preferential transfers from Watson Sysco Foodservice. Both sides appeared and offered

testimony, documentary evidence, and argument.

The Plaintiff, William Kaye ("Trustee"), Trustee of the COLP Creditors' Trust, seeks to recover preferential transfers from Defendant, Watson Sysco Foodservice ("Watson Sysco"), of approximately $151,452.88. Watson Sysco denies that it is liable for the transfers in question, because they were made in the ordinary course of business, and/or subsequent new value was given to the Debtor.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 151, and the standing order of reference in this district. This matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(F).

### The Preferential Transfer Standard

Pursuant to 11 U.S.C. § 547(b), Trustee may "avoid any transfer of an interest of the debtor in property" when certain conditions are satisfied. The elements of a voidable preference are that it is:

> (1) to or for the benefit of a creditor;
> (2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
> (3) made while the debtor was insolvent;
> (4) made--
> (A) on or within 90 days before the date of filing of the petition; or
> (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
> (5) that enables such creditor to receive more than such creditor would receive if--
> (A) the case were a case under chapter 7 of this title;
> (B) the transfer had not been made; and
> (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b); *In re El Paso Refinery, LP*, 171 F.3d 249, 253 (5th Cir. 1999). Once the

Trustee meets this burden, Watson Sysco must establish one of the exceptions contained in § 547(c) to prove the nonavoidability of a transfer.   11 U.S.C. § 547(g).

## The Present Case

The Parties in this proceeding have entered into a Pre-trial Order where they have stipulated to the elements contained in § 547(b)(1)-(4)(A), and -(5)(A)-(C) for all but one transfer, Check No. 907344, that was dated prior to the 90-day preference period and paid by the Debtors' bank within the 90-day preference period.

The Court adopts the stipulated facts set out in the Pre-Trial Order.  The Court finds that Check No. 907344 was a transfer made within the 90-day preference period.  *Barnhill v. Johnson*, 503 U.S. 393, 400, 112 S.Ct 1386, 1390, 1118 L.Ed.2d 39 (1992).  Thus, the remaining issues for the Court to decide are whether the transfers were made in the ordinary course of business, 11 U.S.C. § 547(c)(2), and, after each transfer, whether Sysco provided new value, 11 U.S.C. § 547(c)(1), to the Debtors.

## New Value Defense

Section 547(c)(1) prevents a preferential transfer from being avoided if the transfer was intended as, and in fact was, a "contemporaneous exchange for new value given to the debtor." 11 U.S.C. § 547(c)(1).

The Court accepts Watson Sysco's calculation of new value.  The expert offered by Watson Sysco left something to be desired in his testimony, but he recited facts largely not disputed by the Trustee, which show that the new value defense applies to more than $50,000 of the amounts in question.  The fact witnesses of Watson Sysco buttress an otherwise fairly weak expert witness.

## Ordinary Course of Business Defense

Section 547(c)(2) provides in pertinent part:

The trustee may not avoid under this section a transfer–
....
(2) to the extent that such transfer was–
(A) in payment of a debt incurred by the debtor in the ordinary course of business
or financial affairs of the debtor and the transferee;
(B) made in the ordinary course of business or financial affairs of the debtor and
the transferee;  and
(C) made according to ordinary business terms;

11 U.S.C. § 547(c)(2).  The Bankruptcy Code does not impose a precise legal test for whether

payments have been made in the ordinary course of business.  *GasMark Ltd. Liquidating Trust v.*

*Louis Dreyfus Natural Gas Corp.,* 158 F.3d 312, 317-18 (5th Cir. 1998).  Courts focus on the

time within which the debtor ordinarily paid the creditor and whether the timing of payments

during the preference period was consistent with that practice.  *Id.*  "The court must also

compare prior dealings between the debtor and the creditor with their dealings during the

preference period to determine whether the challenged dealings were ordinary.  The court

considers the timing of the payments, the amount and manner in which the transaction was paid

and the circumstances under which the transfer was made."  *Cunningham v. T & R Demolition,*

*Inc. (In re ML & Assoc., Inc.)*, 301 B.R. 195, 204 (Bankr. N.D. Tex. 2003) (citations omitted).

The payments received by Watson Sysco in October and November 2002 closely track the

payments made by the Debtor to Watson Sysco earlier in the year.  They vary from the credit

terms of "two weeks rolling" that all parties and witnesses agreed applied, but such variance is

mostly consistent.

The problem month for Watson Sysco defense of "ordinary course" is December 2002.

During that month,  the Debtor sent 6 payments to Watson Sysco, several more than in previous

months and, in fact, paid defendant down to almost zero, shortly before the instant bankruptcy case was filed.  Toward the end of the month of December, Debtor tendered two checks to Watson Sysco on the same day, Christmas Eve, which were processed by Watson Sysco almost immediately.  These last two checks offered by Debtor to Watson Sysco were applied to invoices more than a month old, certainly outside the "two weeks rolling" credit terms even with a grace period.  These checks cleared the bank only several days before the instant case was filed.  These payments were made by the Debtor at a time that the Debtor was no longer receiving shipments from Watson Sysco.

Accordingly, after considering the stipulated facts, the documents offered by both sides and giving due weight to the testimony offered, this Court concludes that Watson Sysco did not show by a preponderance of the evidence that the last two checks received by it during December 2002, were made in the ordinary course of business as provided in Bankruptcy Code Section 547(c)(2).

Accordingly, a judgment will be issued in the amount of $17,644.59, which represents the sum of the last two checks paid by Debtor to Watson Sysco.

###End of Opinion###